**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52580/52581**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>JAMISHA MICHELLE NEVAREZ,<br><br>      Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed:  December 8, 2025**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County.  Hon. Susie Jensen, District Judge.

Withheld judgments of conviction for trespassing and disturbing the peace with concurrent terms of two years of supervised probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

In these consolidated appeals, Jamisha Michelle Navarez pled guilty to trespassing, Idaho Code § 18-7008(3)(a)(1)(2) (Docket No. 52580) and disturbing the peace, I.C. § 18-6409(1) (Docket No. 52581).  In exchange for her guilty pleas, additional charges were dismissed.  The district court withheld judgment in both cases and placed Nevarez on concurrent terms of supervised probation for a period of two years.  Nevarez filed an Idaho Criminal Rule 35(b) motion in each case requesting that the district court amend the supervised probation to unsupervised probation.  The district court denied the motions.[1]  Nevarez appeals, contending that the district

---

[1]     Nevarez does not appeal from the denial of her Idaho Criminal Rule 35(b) motions.

1

court abused its sentencing discretion by denying her request for unsupervised probation for a period of one year.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion. Therefore, Nevarez's withheld judgments of conviction and sentences are affirmed.